UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALEXANDREA LEA FITZWATER,

                      Plaintiff,        **1:16-cv-00696 (MAT)**

                                            **DECISION AND ORDER**

        -vs-

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                      Defendant.

---

## I.   Introduction

Represented by counsel, Alexandrea Lea Fitzwater ("plaintiff") brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security[1] ("defendant" or "the Commissioner") denying her application for disability insurance benefits ("DIB"). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, plaintiff's motion is denied and defendant's motion is granted.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

## II. Procedural History

Plaintiff filed an application for DIB in September 2011, alleging disability due to back disorder (discogenic & degenerative) and affective disorder, with an alleged onset date of March 3, 2011. Administrative Transcript ("T.") 85, 222-28, 249. Plaintiff's application was denied on November 22, 2011, T. 115-20, and she timely requested a hearing before an administrative law judge ("ALJ"). T. 121-22. ALJ Donald T. McDougall held a hearing on January 28, 2013. T. 29-62. On March 15, 2013, ALJ McDougall issued a decision in which he found plaintiff was not disabled as defined in the Act. T. 92-109. ALJ McDougall's decision was vacated and remanded by the Appeals Council on May 16, 2014. T. 110-14. ALJ McDougall then held a second hearing on November 10, 2014. T. 63-84. On January 28, 2015, ALJ McDougall issued a second decision in which he found plaintiff was not disabled as defined in the Act. T. 9-28. The Appeals Council denied plaintiff's request for review on June 27, 2016. T. 1-6. This action followed. The Court assumes the parties' familiarity with the facts of this case, which will not be repeated here. The Court will discuss the record further below as necessary to the resolution of the parties' contentions.

## III. The ALJ's Decision

Initially, the ALJ found that Plaintiff met the insured status requirements of the Act through June 30, 2012. T. 14. At step one of the five-step sequential evaluation, *see* 20 C.F.R. § 404.1520,

2

the ALJ found that plaintiff had not engaged in substantial gainful activity since March 3, 2011, the alleged onset date. *Id*. At step two, the ALJ found that plaintiff had the severe impairments of posttraumatic disc disorders. *Id*. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. T. 15. Before proceeding to step four, the ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b). T. 15-21. The ALJ added the following limitations: 1) plaintiff had to change positions for one to two minutes at least every one-half hour; 2) plaintiff could not do any overhead work; 3) plaintiff should never climb ladders, ropes or scaffolds; 4) plaintiff could not work at heights or around dangerous, moving machinery; 5) plaintiff should never kneel or crawl; and 6) plaintiff can balance, stoop, crouch, and climb stairs or ramps no more than occasionally. *Id.* At step four, the ALJ found that plaintiff was unable to perform any past relevant work. T. 22. At step five, the ALJ found, considering plaintiff's age, education, work experience, and RFC, that jobs exist in significant numbers in the national economy that plaintiff can perform. T. 22-23. Accordingly, the ALJ found that plaintiff was not disabled. T. 23.

**IV. Scope of Review**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual

findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## V. Discussion

Plaintiff makes the following arguments in support of her motion for judgment on the pleadings: 1) the ALJ failed to properly consider medical listing 1.04A at step three; 2) the ALJ failed to give good reason to reject the opinion of plaintiff's treating pain specialist; 3) the ALJ failed to properly evaluate the other source opinion of plaintiff's chiropractor; and 4) the ALJ failed to make a proper credibility assessment under SSR 96-7p. For the reasons discussed below, the Court finds these arguments without merit and affirms the ALJ's decision.

### A. Finding as to Listing 1.04A

Plaintiff argues that her spinal impairments met or medically equaled the criteria for Listing 1.04A, and therefore a finding of disabled was appropriate at step three of the sequential evaluation. Docket 12 at 14-17. Specifically, plaintiff contends

that the ALJ erred by finding, without analysis, that the "record does not demonstrate" the elements of 1.04A, and thereby failed to consider strong medical evidence in the record of plaintiff's cervical spine injury. *Id.* at 16 (citing T. 15).

If the claimed symptoms and medical evidence support the criteria described by a listing, the ALJ must give an explanation why a claimant does not meet or equal the listing. *See Kuleszo v. Barnhart*, 232 F.Supp.2d 44, 52 (W.D.N.Y. 2002). If the ALJ does not provide reasons for rejecting a listed impairment, the Court can look to other parts of the decision and credible evidence in the record to determine if the rejection was supported by substantial evidence. *See Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir.1982); *see also Wood v. Colvin*, 987 F.Supp.2d 180, 193-94 ("If substantial evidence supported the hearing officer's conclusory finding, the Court could nevertheless overlook the decision's shortcomings and affirm the finding." (citing *Berry*, 675 F.2d at 468 (affirming hearing officer's step three determination despite "absence of an express rationale" because finding was supported by substantial evidence))). "A lack of supporting evidence on a matter where the claimant bears the burden of proof, particularly when coupled with other inconsistent record evidence, can constitute substantial evidence supporting a denial of benefits." *Barry v. Colvin*, 606 Fed.App'x 621, 622 (2d Cir. 2015).

5

> At step three, the ALJ found:
>
> Although the impairments are severe for Step 2, said impairments are not attended, singly or in combination, with the specific clinical signs and diagnostic finding required to meet or equal the requirements set for in the Listing of impairments. The medical evidence does not document listing-level severity, and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination. The undersigned has considered the Listing of impairments and gave particular attention to Listings: 1.04 (Disorders of the Spine).
>
> The claimant's degenerative disc disease does not meet Listing 1.04 because the record does not demonstrate compromise of a nerve root (including the cauda equina) or the spinal cord with additional findings of: A) evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising; or B) spinal arachnoiditis; or C) lumbar spinal stenosis resulting in pseudoclaudication.

The ALJ based his finding upon substantial evidence within the record. The ALJ gave significant weight to Donna Miller, a doctor of osteopathic medicine, and Abrar Siddiqui, M.D., because their opinions were supported by their objective clinical findings and examinations, and consistent with the record medical evidence. T. 21. Specifically, Dr. Miller, a consultative examiner for the State Agency, evaluated plaintiff in November 2011, and plaintiff "had a normal gait and she was able to walk on heels and toes without difficulty. Her squat was full and she could rise from a chair without difficulty." T. 18, 433-35. Plaintiff had a "slightly decreased range of motion in the cervical and lumbar

6

spine," straight leg raising was negative, and she "had full range of motion of the shoulders." T. 18, 433-35. Also, plaintiff had no sensory deficits and she had full strength in the upper and lower extremities. T. 18, 433-35. Hand and finger dexterity was intact, and she had full grip strength. T. 18, 433-35. As such, plaintiff "had a mild limitation for repetitive heavy lifting, carrying and bending." T. 18, 433-35. The ALJ noted that Dr. Miller's findings were supported by David Engin, MD, who, in March 2011, found "[n]o evidence of disc herniations or bulges with no evidence of central canal stenosis or neural foraminal narrowing at the visualized intervertebral disc levels of the cervical spine." T. 421.

The ALJ also noted that plaintiff did not put forth any evidence of treatment for the nearly sixteen months from October 2013 to the date of the ALJ's decision. As such, in order to obtain current information on plaintiff's condition, plaintiff was seen by State Agency consultative examiner Dr. Siddiqui in August 2014. T. 20, 619-20. Dr. Siddiqui reported that plaintiff was able to ambulate without any assistive devices, was able to walk on heels and toes without difficulty, and was able to get on and off the examination table without assistance. T. 20, 619-20. Moreover, plaintiff's hand and finger dexterity were intact, and she had full grip strength bilaterally. T. 20, 619-20. Dr. Siddiqui also noted that plaintiff's cervical spine was unremarkable, and plaintiff had full range of motion in the upper

7

extremities and shoulders. T. 20, 619-20. The ALJ accorded these findings significant weight as they were consistent with other record medical evidence including Dr. Miller's assessment of plaintiff. T. 21. The Court finds that the ALJ properly gave significant weight to Dr. Siddiqui's findings. The ALJ explicitly credited and relied upon these consultative opinions supported by other record medical evidence.

In sum, and for the reasons set forth above, the ALJ's finding as to Listing 1.04A is supported by substantial medical evidence in the record.

**B. Plaintiff's RFC**

**1. Rejection of the Treating Physician Opinion**

Plaintiff also argues that the ALJ failed to give good reasons for giving "little weight" to the medical opinion of plaintiff's treating pain specialist, Dr. Mikhail Strutsovskiy. Docket 12 at 17, 19-20. Furthermore, plaintiff adds, rejecting Dr. Strutsovskiy medical opinion left the ALJ to interpret bare medical findings thus rendering the ALJ's RFC determination unsupported by substantial evidence. *Id.* at 22.

The treating physician rule requires an ALJ to give controlling weight to a treating physician's opinion when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *see also Green-Younger*, 335 F.3d at 106. However,

8

an ALJ may give less than controlling weight to a treating physician's opinion if it does not meet this standard, so long as the ALJ sets forth the reasons for the determination. *See Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion.").

Here, the ALJ gave good reason for not giving Dr. Strutsovskiy's opinion controlling weight, because it was inconsistent with substantial evidence in the record. As the ALJ observed, Dr. Strutsovskiy's opinion was inconsistent with, among other things, plaintiff's self-reported decrease in pain over two years and twenty-five consultations between 2011 and 2013. T. 19, 371 (August 2011), 588 (March 2012-February 2013). Moreover, during the two years, plaintiff's limitation in cervical and lumbar range of motion remained stable at 25% despite plaintiff's claims of increased pain. T. 19, 588. In addition, plaintiff claims that the ALJ did not credit Dr. Strutsovskiy's opinion that plaintiff had headaches twice per week which served as the basis for his conclusion that plaintiff would miss four to eight work days per month. As the ALJ observed, Dr. Strutsovskiy's opinion concerning plaintiff's limitations because of her headaches were not supported by record evidence including plaintiff's statements to her chiropractor and physical evaluations of her limitations according to Drs. Miller and Siddiqui. T. 21, 381. The ALJ gave significant

weight to Dr. Miller's opinion, who found that plaintiff had only a mild limitation for repetitive heavy lifting, bending, and carrying, because it was based on objective clinical findings, other objective medical evidence in the record and consistent with Dr. Siddiqui's narrative statement. T. 21, 435. The ALJ also accorded significant weight to Dr. Siddiqui's report which explained that plaintiff had "mild limitations in pushing, pulling, or carrying heavy objects," and no limitations in standing, sitting, or walking. T. 21, 619-20. These limitations are consistent with the RFC assessed by the ALJ. T. 15.

Although the ALJ is required to consider several factors when weighing a treating source opinion, "slavish recitation of each and every factor [is not required] where the ALJ's reasoning and adherence to the regulation are clear." *Atwater v. Astrue*, 512 Fed.Appx. 67, 70 (2d Cir. 2013). Therefore, this Court defers to the Commissioner's resolution of conflicting evidence and decision to credit the consultative physicians' reports over plaintiff's treating physician as they are supported by substantial evidence in the record. *See Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) ("In our review, we defer to the Commissioner's resolution of conflicting evidence." (citation omitted)); *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) (ALJ may credit consultative physician's report where there are "[g]enuine conflicts in the medical evidence . . . for the Commissioner to resolve." (citation omitted)). It is clear from the ALJ's decision

10

that he considered Dr. Strutsovskiy's opinion and applied 20 C.F.R. § 404.1527.

Plaintiff also contends that the ALJ should have recontacted Dr. Siddiqui to address any discrepancy between 1) his narrative of his examination of plaintiff and 2) his medical source statement. Docket 12 at 22. However, on this extensive medical record and where Dr. Siddiqui set forth plaintiff's limitations in his narrative, the ALJ was entitled to resolve conflicts in the medical evidence based on his consideration of the substantial evidence in the record which supported his decision. Moreover, the Court cannot conclude that the ALJ was interpreting bare medical findings since the ALJ clearly credited limitations or portions thereof on plaintiff's exertional abilities set forth in the record by Drs. Miller and Siddiqui. T. 435, 619-20.

Thus plaintiff's contention that the ALJ violated the treating physician rule by affording little weight to Dr. Strutsovskiy's opinion is without merit.

### 2. ALJ's Failure to Give Proper Weight to Treating Chiropractor's Opinion

Plaintiff also argues that the ALJ erred in failing to give proper weight to the opinion of plaintiff's treating chiropractor, Dr. Acquisto, under SSR 06-03P. Docket 12 at 24. The Commissioner contends that the ALJ properly concluded that Dr. Acquisto's summary opinions that plaintiff was disabled was based on plaintiff's "subjective complaints of pain and limitations." T.

11

25-26.

The regulations permit consideration of opinions by other treating sources "to show the severity of [the claimant's] impairment(s) and how it affects [the claimant's] ability to work." 20 C.F.R. § 404.1513(d). For purposes of the Act, "other sources" do not include chiropractors as "acceptable medical sources." 20 C.F.R. § 404.1513(a). Although the ALJ is "free to decide that the opinions of 'other sources' . . . are entitled to no weight or little weight, those decisions should be explained" and based on all the evidence before the ALJ. *Oaks v. Colvin*, 2014 WL 5782486, at *8 (W.D.N.Y. Nov.6, 2014); *see Diaz v. Shalala*, 59 F.3d 307, 314 (2d Cir. 1995). Even as to recognized medical sources, "[t]he amount of weight to give such opinions is based in part on the examining and treatment relationship, length and frequency of the examinations, the extent of relevant evidence given to support the opinion, and consistency with the record as a whole." *Conlin ex rel. N.T.C.B. v. Colvin*, 2015 WL 3961167, at *8 (W.D.N.Y. June 29, 2015) (citation omitted).

Here, the ALJ properly explained his reason for according little weight to the opinion of plaintiff's chiropractor, Dr. Acquisto, by relying upon the record evidence. The ALJ recognized the length of time that Dr. Acquisto had been treating plaintiff. T. 16-17. However, the ALJ correctly found that Dr. Acquisto's finding that plaintiff was "totally disabled" was based on plaintiff's "subjective complaints of pain rather than objective

findings." T. 21. The ALJ explained this finding by referring to Dr. Acquisto's x-ray of plaintiff's cervical spine which offered no evidence of disc herniations, bulges, fractures, or dislocations. T. 21, 421. In addition, Dr. Acquisto's findings as to plaintiff's physical limitations were inconsistent in that he said she could never sit, stand, or walk in an eight-hour work day, yet otherwise stated she could sit and stand for a half hour each, and walk less than half a mile. T. 21, 504. Therefore, the ALJ's opinion regarding the "little weight" to be given to plaintiff's chiropractor is clearly supported in the record and consistent with the controlling regulation.

### 3. Credibility Determination

Plaintiff also argues that the ALJ failed to properly assess her credibility under SSR 96-7P and 20 C.F.R. § 404.1529. Docket 12 at 27. Specifically, plaintiff contends that the ALJ's reasons for finding her not credible – use of cocaine and marijuana, poor work record, and inconsistent statements about her medications – do not stand up to scrutiny. Docket 12 at 28-29. The Commissioner contends that the ALJ was at liberty to rely upon each observation which were supported by substantial evidence in the record. Docket 16 at 28-30.

Relying upon evidence in the record, the ALJ found that plaintiff's statements as to the extent of her limitations were "not entirely credible" because:

> [Plaintiff] has a poor work record (Exhibit 3D) and is not suggestive of an individual well motivated to engage in work activity to the best of her ability. In addition, the claimant's testimony is inconsistent with the treatment record. During the most recent consultative examination, she reported that she was only using over-the-counter medications (Exhibit 20F, p. 1), however, at the hearing, she reported that she was taking oxycodone and Xanax. The claimant is not credible and the record shows that she tested positive on two occasions for cocaine, not to mention marijuana. She had been taken off narcotic pain medications by her pain management doctor, who actually suggested she undergo treatment for addiction. In addition, objective findings in the record are minimal and only suggest a mild impairment.

T. 20-21.

Although plaintiff contends that substantial evidence would support a conclusion that her conditions caused greater limitations than those found by the ALJ, the question is not whether substantial evidence supports plaintiff's position, but whether it supports the ALJ's decision. *See Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 59 (2d Cir. 2013) (citing *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013)). Here, the ALJ properly assessed plaintiff's credibility, citing relevant authorities and applying them to the record evidence. T. 15, 20-21; *see Britt v. Astrue*, 486 Fed.Appx. 161, 164 (2d Cir. 2012) (finding explicit mention of 20 C.F.R. § 404.1529 and SSR 96-7p as evidence that the ALJ used proper legal standard in assessing plaintiff's credibility). Furthermore, the ALJ correctly weighed the inconsistency of plaintiff's testimony with the objective medical evidence regarding her use of medication and illegal drugs. As the ALJ observed,

plaintiff testified that she used oxycodone, but during her most recent examination with Dr. Siddiqui, claimed she only used over the counter medications. T. 20-21, 35-36, 618. Moreover, plaintiff's claim that she had ceased using marijuana in 2010 was inconsistent with a urine toxicity screen showing she had used it in 2011. T. 18, 369, 433; *see, e.g.*, *Gehm v. Astrue*, 2013 WL 25976, at *5 n.6 (N.D.N.Y. Jan. 2, 2013) (noting that "[a]t the second step of the credibility analysis it [is] proper to consider whether subjective complaints of pain were inconsistent with objective evidence in the record.") (citing *Meadors v. Astrue*, 370 F. App'x 179, 184 (2d Cir. 2010)); *Campbell v. Astrue*, 465 F. App'x 4, 7 (2d Cir. 2012) ("Here, other factors—in particular, the inconsistency between Campbell's testimony and his medical records—weighed against a positive credibility finding as to Campbell's subjective assessment of the intensity of his symptoms.").

The ALJ also noted that plaintiff had a poor work record, which was supported by substantial evidence. T. 20-21, 238-44; *see Lussier v. Colvin*, 2014 WL 3928456, at *9 (W.D.N.Y. Aug. 12, 2014) (citing *Schaal v. Apfel*, 134 F.3d 496, 502 (2d Cir. 1998)).

The ALJ's credibility findings are entitled to great deference unless patently unreasonable. *See Andrisani v. Colvin*, 2017 WL 2274239, at *3 (W.D.N.Y. May 24, 2017) ("Credibility findings of an ALJ are entitled to great deference and therefore can be reversed only if they are 'patently unreasonable.'" (citation omitted)).

Here, substantial evidence supports the ALJ's credibility finding and therefore plaintiff's argument that the ALJ improperly assessed plaintiff's credibility is without merit.

## VI. Conclusion

For the foregoing reasons, the Commissioner's decision is affirmed, plaintiff's motion for judgment on the pleadings (Docket 12) is denied, and the Commissioner's motion (Docket 16) is granted. Accordingly, the complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                        **s/Michael A. Telesca**
                                        HON. MICHAEL A. TELESCA
                                      United States District Judge

Dated:    October 13, 2017
             Rochester, New York.